UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 07-30185 MAP

| | |
|---|---|
| WILL QUARTERMAN and STATE STREET ENTERTAINMENT, INC., | ) ) ) |
| Plaintiffs | ) ) |
| VS | ) ) |
| CITY OF SPRINGFIELD and PETER SYGNATOR, Individually and as Chairman of the Board of License Commissioners, | ) ) ) ) |
| Defendants | ) |

**PLAINTIFFS' BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF THE MCAD'S FINDINGS**

For the Court's convenience, the Plaintiffs submit this Bench Memorandum establishing the legal basis for the admissibility of the Massachusetts Commission Against Discrimination (MCAD) Investigation Fact Sheets in which the MCAD found probable cause – based on race - that the Defendants discriminated against the Plaintiff, Will Quarterman.

Under Fed. R. Evid. 803(8)(c), "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth…in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness…" are not excluded by the hearsay rule. See Nunnally v. Dep't of Pub. Welfare, No. 86-1361-WF, 1989 WL 47369 (D. Mass. Jan. 20, 1989) (MCAD

1

report admitted into evidence over plaintiff's objection pursuant to Fed. R. Evid. 803(8)(C)).

Further, in <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S 153 (1988), the Supreme Court resolved the longstanding uncertainty among Federal Courts of Appeal over whether Fed. R. Evid. 803(8)(c) extends to conclusions and opinions contained in such public investigatory reports, holding that "[a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." <u>Id.</u> at 170.

Accordingly, both the findings of fact and conclusions contained in the MCAD Investigation Fact Sheets are admissible under the established scope of the hearsay exception of Fed. R. Evid. 803(8)(c).

        Respectfully submitted,

        The Plaintiffs,
        By their attorneys,

        */s/ Thomas R. Donohue*
        Leonard H. Kesten, BBO# 542042
        Thomas R. Donohue, BBO# 643483
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100
        lkesten@bhpklaw.com
        tdonohue@bhpklaw.com

DATED: June 4, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

          */s/ Thomas R. Donohue*
          Leonard H. Kesten, BBO# 643483